C. H. WAY *et al.*, *Appellees*, v. ANNA M. LOVE *et al.* (ANNA M. LOVE, *Appellant*).

No. 17,220.

HEADNOTE BY THE REPORTER.

SALES—*Contract by Agent—Ratification—Evidence.* The evidence examined and held to be sufficient to sustain a finding of the jury that the contract for the sale of real estate made by an agent in the name of his principal was subsequently ratified by the acts of the principal.

Appeal from Finney district court. Opinion filed November 11, 1911. Affirmed.

*H. L. Burgess*, and *I. O. Pickering*, for the appellant.

*Fred J. Evans, O. H. Foster, Fred Dunn*, and *L. C. Brown*, for the appellees.

*Per Curiam:* The appellees brought this action in the district court of Finney county against the appellant, Anna M. Love, and J. G. Wiss to recover damages for the refusal of the defendants to convey a tract of land known as lot 5, in section 18, township 23, range 33, in said county. Attached to the petition as an exhibit is a contract which purports to have been signed by J. G. Wiss, Anna M. Love and the appellees. J. G. Wiss signed this contract in person, and also signed the name of Anna M. Love thereto. By its terms Wiss and Love undertook to sell and the appellees to buy a large tract of land known as the Love ranch, the land being particularly described by section, except that one tract is described as the northwest quarter of section 18. It appears from a map of the government survey that was used by the agent of the appellant in showing the land that the Love ranch lies along the Arkansas river, which is meandered, and that a portion of what would otherwise be described as section 18 is within the meandered line along the river; also that what would be the northwest quarter of section 18 is divided into lots, designated 1, 2 and 5.

The appellees further allege, in substance, that the defendants in the action conveyed all the lands described in the contract to one C. N. Bowers, except lot No. 5, the appellees having sold the land to Bowers; that said Bowers some months thereafter discovered the omission of lot 5 from the deed, and brought action against appellee C. H. Way, who had executed the contract of sale of the land to Bowers on behalf of himself and Straughan, to recover the value thereof; that said action was tried, and Bowers recovered judgment against Way for the sum of $2252.25 for the value of said lot; that Straughan is under obligation to pay one-half of said judgment. To this petition the appellant filed a verified general denial. In reply thereto the appellees alleged that Mrs. Love duly ratified the acts,

representations and agreements set out in the contract after the same was made by her agent, Wiss, in writing upon the back thereof, and by accepting the proceeds thereof. The case was tried to a jury, and a verdict and judgment were rendered against Mrs. Love for the amount of the judgment, with interest, against Way.

The appellant makes several assignments of error in the giving and refusal of instructions, but it must be said that the case turns upon the question whether or not Mrs. Love ratified the action of Wiss in making the contract. There is evidence, which seems very plausible, that the original price asked for the ranch—$20,000—was reduced to $18,400 on account of the understanding that lot 5 would not be included in the sale. But it is also in evidence that Mrs. Love afterwards ratified the contract, which included an agreement to deed the northwest quarter of section 18, which, while not so designated on the map, must be held to mean lots 1, 2 and 5, if it meant anything, and, of course, it would be construed as applying to some land. As said, it appears without dispute that she read the contract and that she knowingly received $1500 on it. She says she signed the following receipt:

"Oct. 17th, 1907.—Received of C. H. Way the sum of fifteen hundred as part payment on the within described land and contract.—ANNA M. LOVE."

She further said it was not explained to her that the contract was inside. Mr. Bowers, to whom the deed was made, also testified that after he discovered lot 5 was not included in the deed he informed her of the fact, and she, in substance, said it was a mistake; it belonged to the ranch.

In support of her contention, it is also undisputed that the abstract of title, which she had prepared and presented to the appellees before the deed was made, did not include an abstract to lot 5.

The objections made to the refusal of instructions

asked by appellant, and to certain instructions given by the court, we have carefully considered, and think there was no error of law therein.

The question was fully presented to the jury whether the contract sued on was ratified by the appellant and she knowingly accepted benefits therefrom. The jury found that she did ratify the contract. There is abundant evidence to support the finding and verdict.

The judgment is affirmed.